**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ALONZO PATTERSON,              )
on behalf of plaintiff and the      )
class members described below,    )
                                    )
                      Plaintiff,    )
                                    )
        vs.                      )
                                    )
ALLIED COLLECTION SERVICES,    )
INC.,                              )
                                  )
                    Defendant.    )

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiff Alonzo Patterson brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Allied Collection Services, Inc.

2.      Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

3.      The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4.      In enacting the FDCPA, Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

5.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D. Ill. 2008).

1

6.      The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

7.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

## JURISDICTION AND VENUE

8.      This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

9.      Venue and personal jurisdiction in this District are proper because:

        a.      Defendant's collection communications were received by plaintiff within this District;

        b.      Defendant does or transacts business within this District.

## PARTIES

10.     Plaintiff is a resident of the Northern District of Illinois.

11.     Defendant Allied Collection Services, Inc., is a Nevada corporation with offices at 3080 S. Durango Drive, Suite 208, Las Vegas, NV 89117. It does business in Illinois. Its registered agent and office in Illinois is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703.

12.     Defendant Allied Collection Services, Inc. operates a collection agency and has a collection agency license from the state of Illinois.

13.     Defendant describes its business on its web site (http://www.acsnv.com/#/), as follows: "Allied Collection Services, Inc., (ACSI) is a full service national collection agency that has been designed to assist any firm that extends credit to its customers. ACSI always provides fast, reliable, and extremely effective receivables management and collection services to companies of all size and industry. Our services are always custom tailored to meet each individual client's specific needs and performance related requirements."

14.     Defendant uses the mails and interstate wire communications to collect consumer debts allegedly owed to others.

15.     Defendant is a debt collector as defined by the FDCPA.

**FACTS**

16.     During 2017, defendant began attempting to collect a loan allegedly owed to "Gentle Breeze" by plaintiff.

17.     Defendant reported the purported loan to at least two of the major credit bureaus in February 2017, Equifax and TransUnion. Both of the bureaus reported the debt at that time. (Exhibits A and B).

18.     Defendant reported the loan for the purpose of attempting to force plaintiff to pay it.

19.     Reporting a debt to a credit bureau is "a powerful tool designed, in part, to wrench compliance with payment terms. . . ." *Rivera v. Bank One,* 145 F.R.D. 614, 623 (D.P.R. 1993).

20.     The loan was obtained for personal, family or household purposes, and not for business purposes.

21.     "Gentle Breeze" is an organization which is not now and has never been licensed by the Illinois Department of Financial and Professional Regulation to make loans to Illinois residents at more than 9% interest.

22.     "Gentle Breeze" also does not have a state or federal bank or credit union charter.

23.     "Gentle Breeze" advertises and makes loans to Illinois residents at rates exceeding 9%.  It charges over 500%.

24.     Defendant Allied Collection Services, Inc. engages in a practice of attempting to collect high-interest loans (greatly in excess of 9%) obtained by Illinois residents over the Internet from unlicensed lenders, including but not limited to "Gentle Breeze."

25.     The lenders sought out Illinois residents for such loans.

26.     The lenders were never licensed to make loans by the Illinois Department of Financial and Professional Regulation.

27.     The lenders did not have a bank or credit union charter that would authorize them to lend to Illinois residents at over 9%.

28.     All loans made by the lenders were made at an annual percentage rate exceeding the 9% that a non-bank lender without a license from the Illinois Department of Financial and Professional Regulation may charge for a loan made to an Illinois resident.

29.     All loans made by the lenders were made at more than 20% interest and violated the Illinois criminal usury statute, 720 ILCS 5/17-59 (formerly 720 ILCS 5/39-1 *et seq*).

30.     All such loans were unlawful and unenforceable.

31.     Defendants knew or recklessly disregarded the fact that the loans they were attempting to collect were unenforceable.

32.     The Illinois Department of Financial and Professional Regulation, which licenses Allied Collection Services, Inc., has brought multiple cases involving payday and high-interest loans made to Illinois residents by unlicensed lenders located in other states and foreign countries.

33.     The Consumer Financial Protection Bureau and state law enforcement agencies have also brought proceedings involving the making of high-interest loans over the Internet by lenders not licensed to make loans in the states where the borrowers are located. *Consumer Financial Protection Bureau v. CashCall, Inc.*, 15cv7522, 2016 WL 4820635 (C.D. Cal. August 31, 2016); *CashCall, Inc. v. Maryland Comm'r of Fin. Regulation*, 139 A.3d 990, 995 n.12 (Md. 2016); *Colorado v. Western Sky Fin., L.L.C.*, 845 F. Supp. 2d 1178, 1181 (D. Colo. 2011); *Western Sky Financial, LLC v. State ex rel. Olens,* 300 Ga. 340, 793 S.E.2d 357 (2016).

34.     Defendant knew or recklessly disregarded the fact that the loans it was attempting to collect were unenforceable.

35.     Any inquiry into the legality of collecting loans with interest rates in excess of

500% made to Illinois residents over the Internet would have disclosed to defendants that they were violating the law.

## COUNT I – FDCPA – ILLEGAL LOANS

36.     Plaintiff incorporates paragraphs 1-35.

37.     Defendant violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), 1692f and 1692f(1) by attempting to collect illegal payday loans, falsely representing or implying such loans to be legally enforceable debts.

38.     Section 1692e provides:

**§ 1692e.      False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)      The false representation of--**

**(A)      the character, amount, or legal status of any debt; . . .**

**(5)      The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

**(10)      The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

39.     Section 1692f provides:

**§ 1692f.      Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.   Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(1)      The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

## CLASS ALLEGATIONS

40.     Plaintiff brings this claim on behalf of a  class  pursuant to Fed.R.Civ.P.

23(a) and 23(b)(3).

41.     The class consists of (a) all individuals with Illinois addresses (b) from whom Allied Collection Services, Inc. sought to collect a loan made at more than 9% interest (c) made by an entity which did not possess a bank or credit union charter and was not licensed by the Illinois Department of Financial and Professional Regulation (d) where any communication or collection activity, including but not limited to credit reporting, occurred on or after a date one year prior to the filing of this action.

42.     The class is so numerous that joinder of all members is not practicable.   On information and belief, there are at least 40 class members.

43.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common questions are whether defendants engage in a practice of attempting to collect illegal debts.

44.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

45.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

46.     A class action is superior for the fair and efficient adjudication of this matter, in that:

        a.     Individual actions are not economically feasible.

        b.     Members of the class are likely to be unaware of their rights;

        c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

        i.     Statutory damages;

    ii.       Actual damages including all amounts collected by defendant from

members of the class;

    iii.      Attorney's fees, litigation expenses and costs of suit;

    iv.      Such other and further relief as the Court deems proper.

<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)


T:\33915\Pleading\Complaint_Pleading.WPD